**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 02-CR-0120-CVE |
| ) | (08-CV-238-CVE-PJC) |
| **MORGAN EARL WINDRIX,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is defendant Morgan Earl Windrix's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 759). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On November 8, 2002, a 16-count superseding indictment was returned against Windrix and nine co-defendants, charging them with various crimes related to the manufacture and distribution of methamphetamine. Dkt. # 75. Count 1 of the superseding indictment charged Windrix with conspiracy to manufacture, distribute and possess methamphetamine with the intent to distribute. Id. Counts 3 and 6 charged Windrix with possession of equipment, chemicals, and material that could be used to manufacture methamphetamine, knowing and intending and having reasonable cause to believe they would be used to manufacture methamphetamine. Id. Counts 4 and 7 charged Windrix with possession of a firearm in furtherance of a drug trafficking crime, and Count 5 charged

Windrix with maintaining a location for the purpose of manufacturing, distributing, and using methamphetamine. Id. Finally, Count 8 charged Windrix with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. Id.

Windrix went to trial on August 4, 2003, and on August 22, 2003, was found guilty as to Counts 1, 3, 5, 6 and 8. Dkt. # 390. At sentencing on January 28, 2004, the Court found that Windrix was accountable for 1.927 kilograms of actual methamphetamine, resulting in a base offense level of 38. Dkt. # 540. After a two-level enhancement for possession of a firearm and a four-level enhancement for his role as leader of the conspiracy, Windrix was sentenced to a term of life imprisonment. Id. Windrix appealed, arguing that his sentence was based on facts not found by the jury. Dkt. # 542. The Tenth Circuit affirmed Windrix's conviction on May 3, 2005, but remanded for resentencing in light of the intervening Supreme Court ruling in United States v. Booker, 540 U.S. 220 (2005). See United States v. Windrix, 405 F. 3d 1146, 1155-59 (10th Cir. 2005).

At resentencing on January 5, 2006, the Court reconsidered the quantity of drugs attributable to Windrix and found him responsible for 8.85 kilograms of a substance containing methamphetamine. Dkt. # 649. After applying the same firearm and leadership enhancements, Windrix received a new sentence of 360 months imprisonment: 360 months for Count 1, 120 months on Counts 3 and 6, and 240 months on Counts 5 and 8, each to run concurrently. Id. Windrix filed a timely appeal of his new sentence, arguing that the holding in Booker violated ex post facto principles of the Due Process Clause of the Constitution, and that his new sentence was unreasonable under Booker. Dkt. # 661. The Tenth Circuit denied Windrix's appeal on January 26, 2007. Dkt. # 740. Windrix then filed a petition for a writ of certiorari, which was denied on June

25, 2007.  Dkt. # 748.  Windrix filed this motion to vacate, set aside, or correct sentence pursuant to § 2255 on April 25, 2008.  Therefore, Windrix's motion was filed within the one year statute of limitations provided by § 2255, and his motion is timely.

**II.**

In his § 2255 motion, Windrix asserts the following two related claims: (1) the district court at resentencing lacked subject matter jurisdiction and acted outside of its mandate from the Tenth Circuit and (2) his counsel provided ineffective assistance for failing to raise the "mandate rule" argument on direct appeal.

Windrix first argues that the Court violated the "mandate rule" when it made a de novo determination of the quantity of methamphetamine attributable to Windrix.  The government contends that the mandate rule claim is procedurally barred because it was not raised on direct appeal and, notwithstanding a procedural bar, has already been denied by the Tenth Circuit.  See United States v. Westcott, 214 Fed. Appx. 787 (10th Cir. 2007).

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994).  A claim not raised on direct appeal is procedurally barred unless defendant can establish cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence or an intervening change

in the law. Id. Ineffective assistance of counsel may also constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392.

Here, in order to find that Windrix is not procedurally barred from raising the mandate rule issue in his § 2255 motion, he must show that his attorney's failure to raise the issue of the district court's mandate on remand constitutes "cause." An attorney's error is cause only if the failure to raise the issue results in constitutionally ineffective assistance of counsel. Id. To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland test applies to appellate as well as trial counsel). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689. To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). A court deciding an ineffectiveness claim "need not determine whether counsel's performance was delinquent before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

Because defendant alleges that his attorney, Michael McGuire, failed to raise an issue on appeal, the Court must consider the merits of the omitted issue. Id. "If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." Id. (citation omitted). Here, the issue Windrix attempts to raise is this Court's purported violation of "the mandate rule." The mandate rule provides that a district court must "comply strictly with the mandate rendered by the reviewing court." Huffman v. Saul Holdings Ltd. Partnership, 262 F. 3d 1128, 1132 (10th Cir. 2001). Windrix filed a direct appeal of his sentence following remand, contending that the Supreme Court's holding in Booker violates ex post facto principles of the Due Process Clause of the Constitution, and that his sentence was unreasonable under Booker. See Westcott, 214 Fed. Appx. at 792-93. In the same consolidated appeal, however, Windrix's co-defendants argued that this Court did not have a mandate from the Tenth Circuit to make a de novo finding of drug quantity on remand. Id. The Tenth Circuit rejected their appeals on this issue and stated that this Court was "not required by the law of the case or the mandate rule to conform to its earlier calculation of drug weight." Id. There is no reason to think that had Windrix raised this issue, the outcome would have been any different for him than it was for his co-defendants. Accordingly, the omitted issue is without merit and Windrix's counsel was not ineffective for failing to raise it on appeal. Thus, Windrix does not have "cause" to allow him to circumvent the procedural bar. Because Windrix cannot show cause, it is unnecessary to determine whether "actual prejudice" results.

Moreover, the "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991). Windrix does not allege actual innocence, nor does he argue that

5

a fundamental miscarriage of justice would result if his claim is not heard. Accordingly, Windrix cannot overcome the procedural bar on this issue.

### III.

Windrix's second claim is that he was denied his Sixth Amendment right to effective assistance of counsel by counsel's failure to raise the mandate rule issue on appeal. As discussed above, defendant contends that his attorney was ineffective for failing to raise an issue that was raised by his co-defendants and rejected by the Tenth Circuit. Accordingly, counsel was not deficient by failing to raise a meritless argument. Moreover, the decision as to which arguments should be raised on appeal is a strategic decision and will not be second-guessed. Counsel is under no obligation to raise an argument he believes, in his professional judgment, to be without merit.

Further, in light of the Tenth Circuit's rejection of Windrix's co-defendant's arguments on the mandate rule on direct appeal, Windrix cannot demonstrate that he suffered prejudice by counsel's failure to advance this argument. Even if the Tenth Circuit had considered Windrix's claim on this issue, the result would have been the same as that obtained by his co-defendants. Thus, Windrix suffered no prejudice, and his claim of ineffective assistance of counsel lacks merit.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 759) is **denied**. A separate judgment is entered herewith.

**DATED** this 18th day of December, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT